# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

WILLIAM E. BODDY and　　　　　　　　Case No. 05-12230-RGM
MARY R. BODDY,　　　　　　　　　　　(Chapter 13)

　　　　Debtors.

## MEMORANDUM OPINION

THIS CASE is before the court on the debtors' motion to compel discovery and for counsel fees. The court previously granted the motion to compel. The sole issue now is the appropriate amount of attorney's fees to be awarded debtors' counsel in procuring the order.

Resurgent Capital Services ("Resurgent") objects to almost the entire fee application on various grounds. First, it asserts that some of the time for which reimbursement is sought precedes the debtors' good faith effort to obtain the discovery without court action as required by F.R.Civ.Proc. 37(a)(4)(A). It also objects to fees incurred in reviewing the discovery responses on the theory that the discovery responses would have been reviewed in any event. It objects to debtors' counsel's work that relates to debtors' request for additional information. It asserts that "these responses were made in good faith, and as an attempt to resolve the conflict". Objection to Award of Attorney's Fees and Affidavit of Counsel, ¶11. Resurgent objects to work while the parties were still negotiating and relating to an agreement to continue the hearing on the motion to compel. Objection ¶12.

The motion was made after a good faith effort was made to obtain disclosure of the information without court action. Counsel for Resurgent is correct that the time was limited and that

1

some items crossed in the mail. This will be taken into account in the award to be made.

The second area of time claimed by debtors' counsel and resisted by Resurgent's counsel relates to time expended by debtors' counsel for the period while counsel were discussing and seeking to resolve the discovery dispute. At this time, the motion to compel was pending before the court. The discussions occurred a reasonable time after the dispute arose and after the period first mentioned above. Time spent by debtors' counsel endeavoring to resolve a filed motion to compel is properly a part of the expenses that the recalcitrant party may be required to pay. The court takes into account the nature of the dispute and whether the objection was substantially justified or other circumstances that would make an award during this period unjust. Resolution of discovery disputes is encouraged and, consequently, fees incurred seeking to resolve discovery disputes often will not be awarded. However, if the matter is not resolved, it is another step that debtors' counsel was required to take at the debtors' expense.

The February 7, 2006 time entry to which Resurgent objects reflects settlement discussions of the entire dispute, not simply the discovery dispute. Since the court cannot allocate that between the two matters, that time entry must be disallowed.

The court will substantially discount counsel's fees that occurred early in the process because of the time element. The later time expended on seeking to resolve the discovery dispute will not be allowed in full. The bottom line, however, is that the discovery promulgated was not fully responded to, that the motion was necessary and that the motion was granted. Counsel's time was necessary to obtain the order to compel. The court will allow a total of 4.5 hours at $200.00 an hour for a total of $900.00 to be paid within 15 days.

Alexandria, Virginia
February 24, 2006

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Joseph M. Goldberg
Gerald M. O'Donnell
Matthew D. Huebschman

12767